**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-01519-RMR

BASHIR ALTAYEB,

　　　　Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility,
GEORGE VALDEZ, Director of the Denver Field Office of U.S. Immigration and
Customs Enforcement,
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security,
TODD BLANCHE, Acting U.S. Attorney General, and
U.S. DEPARTMENT OF HOMELAND SECURITY,

　　　　Respondents.

---

## ORDER

---

Petitioner Bashir Altayeb is a federal immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado. Through counsel, he has filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Amended) ("the Petition"). (ECF No. 19). Petitioner claims that his prolonged and continued detention violates 8 U.S.C. § 1231(a)(6) and his Fifth Amendment due process rights as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Upon reviewing the Petition, the government's response, and Petitioner's reply, the Petition will be GRANTED.

## I. Background[1]

Petitioner is a native and citizen of Sudan who was apprehended near Lukeville, Arizona on July 7, 2024, shortly after entering the United States. ECF No. 11-1 ¶¶ 4-5. He was transferred to ICE custody on July 23, 2024. *Id.* ¶ 8. On October 2, 2024, the government issued a Notice to Appear charging Petitioner as inadmissible for lack of documentation and entry without admission or parole under 8 U.S.C. §§ 1182(a)(6) and 1182(a)(7). *Id.* ¶ 11. On December 12, 2024, Petitioner filed a Form I-589 seeking asylum and withholding of removal. *Id.* ¶ 12.

Removal proceedings followed. On May 9, 2025, an Immigration Judge ("IJ") denied asylum, granted withholding of removal to Sudan under 8 U.S.C. § 1231(b)(3), and ordered Petitioner removed—both parties waived appeal, rendering the order administratively final on May 9, 2025. *Id.* ¶ 13. After the final order of removal, ICE detained Petitioner under 8 U.S.C. § 1231 and pursued removal to a third country under § 1231(b). *Id.* ¶¶ 14-16. On May 17, 2025, ICE requested that three countries accept Petitioner: Chad, Saudi Arabia, and Libya. *Id.* ¶¶ 16-17. On May 21, 2025, Libya denied acceptance, and, to date, Saudi Arabia and Chad have not responded. *Id.*

On November 21, 2025, ICE served Petitioner a Form I-229(a) Warning for Failure to Depart and conducted a Post Order Custody Review, determining he failed to show he is not a significant flight risk; ICE continues detention despite a "personal interview" on

---

[1] There does not appear to be any dispute about the facts in this case. The amended § 2241 petition cites the government's earlier-filed Declaration of G. Zolock to support its factual allegations. Thus, the facts in this section are drawn from the Declaration of G. Zolock, unless otherwise stated.

December 4, 2025. *Id.* ¶ 19.

On April 9, 2026, Petitioner filed a *pro se* habeas petition. ECF No. 1. The Court issued an order to show cause, and Respondents filed a response on April 20, 2026. ECF No. 11. On May 7, 2026, after an appearance by counsel, Petitioner filed the operative amended petition asserting two claims: (1) violation of the Fifth Amendment due process clause, and (2) violation of 8 U.S.C. § 1231(a)(6) as interpreted by *Zadvydas*. ECF No. 19. As relief, he seeks immediate release. *Id.* at 14.

On May 26, 2026, the Court issued a Second Order to Show Cause directing Respondents to address the Petition within three days, which they have done. ECF No. 21. Respondents argue that although Petitioner has been detained for over six months since his removal order became final, his continued detention is authorized under 8 U.S.C. § 1231(a)(6) because he is inadmissible under § 1182, has been deemed a flight risk, and ICE is pursuing removal to a third country.[2] *Id.* at 5-9.

The Court will detail the applicable legal standards and then analyze the parties' arguments.

## II. Legal Standards

### A. Habeas Corpus Relief

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United

---

[2] Respondents assert that Petitioner has failed to demonstrate that he doesn't pose a significant risk of flight pending removal from the United States. But Respondents provide no further detail on the specific facts or reasons underlying that flight–risk assessment beyond the conclusion itself. Therefore, the Court does not address it further.

States." 28 U.S.C. § 2241(c)(3). "Habeas corpus proceedings under 28 U.S.C. § 2241 'remain available as a forum for statutory and constitutional challenges to post-removal-period detention.'" *Singh v .Choate,* No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas,* 533 U.S. at 688); *see also Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

### B.  Detention Under 8 U.S.C. § 1231

The detention of noncitizens subject to a removal order is governed by 8 U.S.C. § 1231. There is no dispute that Petitioner is subject to a final order of removal and that the statutory authority for Petitioner's detention arises from § 1231. *See* ECF No. 19 at 5, ¶ 25; ECF No. 21.

When a noncitizen is ordered removed, removal should ordinarily be effectuated within a period of 90 days, known as the "removal period." 8 U.S.C. § 1231(a)(1). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). After the 90-day removal period, ICE has discretion to detain inadmissible or criminal aliens. *See* 8 U.S.C. § 1231(a)(6). However, detention of an alien subject to a final order

of removal may not be indefinite and is presumptively reasonable for only six months. *Zadvydas*, 533 U.S. at 701. After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

### III. Analysis

Petitioner claims that his detention violates § 1231 and his due process rights. ECF No. 19 at 13-14. Petitioner alleges he has been detained for over twenty-one months (in total), with over eleven months of detention since his removal order became final (as of the time this action was originally filed), and that removal is not reasonably foreseeable because he was granted withholding of removal to Sudan and ICE's third-country efforts have not yielded any accepting country. *Id*.

Respondents contend that continued detention is authorized under § 1231(a)(6) because Petitioner is inadmissible under § 1182 and because they are pursuing removal to a third country. *Id.* at 5-9.

There is no dispute that Petitioner's detention under § 1231 now exceeds the presumptively reasonable six-month period to effect his removal established by *Zadvydas*. The removal order became administratively final on May 9, 2025. Petitioner has remained detained—as of the date of this Order—for more than one year since the removal order became final. Because Petitioner's detention has extended beyond six months, he bears the initial burden to show "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Petitioner has met his initial burden. Petitioner was granted withholding of removal to his only country of citizenship, Sudan. ICE's efforts to remove him to a third country consist of year-old acceptance requests, one denial by Libya, and no responses from Saudi Arabia or Chad. Respondents concede they presently have no additional information to demonstrate that removal to a third country is likely in the reasonably foreseeable future. ECF No. 21 at 9 ("At this time, however, Respondents do not have additional information to present to the Court concerning their efforts to remove Petitioner to a third country.").

Because Petitioner meets his initial burden, the burden shifts to Respondents to produce evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. Respondents' submissions do not meet that burden. Respondents note that they are coordinating with DHS and the Department of State to select a third country and to negotiate removal. They offer to file a status report within thirty days. ECF No. 21 at 9 ("If the Court so orders, Respondents will submit a status report within thirty days concerning the status of their efforts to remove Petitioner."). But they identify no country that has agreed to accept Petitioner and provide no specific timeline for removal. The Supreme Court has rejected the proposition that continued detention is lawful "as long as good faith efforts to effectuate . . . deportation continue." *Zadvydas*, 533 U.S. at 702. Ongoing efforts alone are insufficient. The record must show concrete evidence that a specific country will accept Petitioner and that removal is significantly likely in the reasonably foreseeable future. *See Aguilar v. Noem*, No. 25-cv-03463-NYW, 2025 WL 3514282, at *5–6 (D. Colo.

6

Dec. 8, 2025) (finding ICE's statement that it was "pursuing" third-country removal options insufficient when no concrete steps or confirmed third-country acceptance was identified). On this record, the Court concludes Respondents have not rebutted Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. Continued detention is therefore not authorized under § 1231(a)(6) as construed in *Zadvydas*.

### IV. Conclusion

Accordingly, consistent with the foregoing analysis and based on the Court's review of the filings and documents before the Court, pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), **IT IS HEREBY ORDERED THAT**:

1. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Amended), ECF No. 19, is **GRANTED**;

2. Respondents shall release Petitioner from custody **IMMEDIATELY**, but no later than within **24 HOURS** of this Order and may impose reasonable conditions of release or supervision;

3. Respondents shall file a status report within **48 HOURS** of this Order to certify compliance; and

4. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the

government shall bear the burden of proof.

DATED June 5, 2026.

BY THE COURT:

_____
Regina M. Rodriguez
United States District Judge